Filed 7/30/13  P. v. King CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARK ANTHONY KING,<br><br>    Defendant and Appellant. | B244560<br><br>(Los Angeles County<br>Super. Ct. No. NA089529) |

APPEAL from a judgment and order of the Superior Court of Los Angeles County, Charles D. Sheldon, Judge.  Affirmed.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Mark Anthony King appeals from the post judgment order revoking probation and sentencing him to 16 months for possession of cocaine.

King was charged in an information with possession of a firearm by a felon (Pen. Code, § 12021, subd. (a)(1)),[1] unlawful firearm activity (§ 12021, subd. (e)) and possession of cocaine (Health & Saf. Code, § 11350, subd. (a)). The information specially alleged as to all counts King had suffered one serious or violent felony conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had served three separate prison terms for felonies (§ 667.5, subd. (b)). Represented by appointed counsel, King entered a plea of not guilty to the charges and denied the special allegations.

Following the denial of his request to have new counsel appointed for him (*People v. Marsden* (1970) 2 Cal.3d 118), King entered a negotiated plea of no contest to possession of cocaine. In return, King was to be placed on three years of formal probation, on condition he complete 60 days of work for the California Department of Transportation (Caltrans). The remaining charges and special allegations were to be dismissed.

The record of the plea hearing established King was advised of and waived his constitutional rights and was advised of and acknowledged he understood the consequences of his plea. Counsel stipulated to a factual basis for the plea. The trial court found King had knowingly, voluntarily and intelligently waived his constitutional rights and entered his no contest plea. In accordance with the plea agreement, imposition of sentence was suspended and King was placed on three years of formal probation, on condition he complete 60 days of work for Caltrans, which was later converted by the court to 60 days of community service, and pay a $40 court security assessment, a $30 criminal conviction assessment, and a $200 restitution fine. The court imposed and suspended imposition of a parole revocation fine pursuant to section 1202.45. The remaining counts and special allegations were dismissed in furtherance of justice.

---

[1]     Statutory references are to the Penal Code, unless otherwise indicated.

King was awarded a total of 156 days of presentence credit (78 actual days and 78 days of conduct credit).

After subsequently testing positive for cocaine, King's probation was revoked and he was remanded into custody pending a formal hearing. Thereafter, King waived his rights to a formal hearing and admitted he had violated probation by testing positive for cocaine and failing to participate in community service and to pay his financial obligations to the probation department. The trial court declined to reinstate probation and sentenced King to the lower term of 16 months to be served in county jail.

King filed a timely notice of appeal and checked the preprinted box indicating, "this appeal is based on the sentence or other matters occurring after the plea."[2] We appointed counsel to represent King on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On March 11, 2012, we advised King he had 30 days in which to personally submit any contentions or issues he wished us to consider. No response has been received to date.

We have examined the record and are satisfied King's attorney has fully complied with the responsibilities of counsel, and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

---

[2] King also checked the preprinted box, indicating "this appeal challenges the validity of the plea or admission." In his request for a certificate of probable cause, King asserted he had been convicted by plea of possession of a cocaine, but was subsequently booked into jail for possession of a firearm by a felon. In denying King's request, the trial court acknowledged the minute order and abstract of judgment erroneously indicated King had been convicted of violating section 12021, subdivision (a)(1) and corrected both documents to reflect King had been convicted of violating Health and Safety Code section 11350, subdivision (a).

The judgment and order are affirmed.

ZELON, J.

We concur:

PERLUSS, P. J.

WOODS, J.

4